# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
oOo

*E-filing*

SEALED BY ORDER OF THE COURT

**FILED**

JUN 2 3 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
QUAN PHAM HOWARD

**CRIMINAL COMPLAINT**

Approved AUSA Michael Pitman 6/23/14

**CASE NO.**

# 14   70865

HRL

I, Christine A. Hodakievic, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about each date set forth below, in the Northern District of California, defendant , (Offense Statutory Language) did violate

- 18 USC 1703,  Delay & Destroy U.S. Mail,  on 3/28/13 (Count 1);
- 18 USC 1708, Theft of U.S. Mail, on 2/20/14 (Count 2), 3/26/14 (Count 3);  and
- 18 USC 1708 , Poss. Stolen U.S. Mail, on 4/8/14 (Count 4)

all in violation of Title 18, United States Code, Sections 1703 and 1708.

I further state that I am a Special Agent with the United States Postal Service, Office of Inspector General, in and for the Northern District of California and that this complaint is based on the following facts:

    - see attached Affidavit, fully incorporated herein

x   Continued on the attached sheet and made a part hereof.

      (signature complainant)  **CHRISTINE A. HODAKIEVIC**
                                **SPECIAL AGENT, USPS OIG**

Sworn to before me, and subscribed in my presence at       San Jose, California

(authorizing/issuing judicial official's signature)

HOWARD R. LLOYD, U.S. MAGISTRATE

6/23/14
(date)

(print authorizing/issuing judicial official's name and title)

*Arrest Warrant Shall Issue.*

DOCUMENT NO.    CSA's INITIALS

DISTRICT COURT

AFFIDAVIT

I, Christine A. Hodakievic, being duly sworn, depose and state the following.

1.     I am a Special Agent and have been so employed since November 2004.  Currently, I am assigned to the Special Inquiries Division of the United States Postal Service Office of Inspector General (USPS OIG), and I work in Arlington VA.  During my tenure I have completed training at the Federal Law Enforcement Training Center in Glynco, GA.  Prior to employment with USPS OIG, for approximately 7 years I worked as a Senior Special Agent for the Government Accountability Office, for approximately 17 years I worked as a Police Officer, Investigator, and Supervisor for the U.S. Park Police.  I have completed training and I have been certified as a fraud examiner.  I have completed training at the US Postal Service Training Center in Maryland and training at the Inspector General Criminal Investigator Training Academy.

2.     As a part of my official duties, it is my responsibility to investigate violations of federal and state law, including destruction of government property, theft of U.S. Mail, possession of stolen U.S. Mail, delay and destruction of mail, mail and bank fraud, use of internet and email services to facilitate fraudulent activity, credit card fraud, identity theft and/or counterfeit personal checks and identifications, and other fraud crimes by postal employees including by postal inspectors.

3.     As a Special Agent with the USPS OIG, I have participated in numerous criminal investigations relating to theft of U.S. Mail, possession of stolen U.S. Mail, counterfeit personal checks, bank fraud, identity theft and counterfeit identifications.

4.     The facts and conclusions in this affidavit are based on my personal knowledge gained from my participation in this investigation, my training and experience, and information gained from this investigation in federal and state law enforcement databases, other Agents, local law enforcement, and field contacts and reports.  Because this affidavit is submitted for the limited purpose of securing a complaint and arrest warrant, I have set forth only the facts that I believe are necessary to establish that there is probable cause to believe that Supervisory Postal Inspector Quan P. Howard (Howard), committed, and aided and abetted, numerous violations of criminal law, including as follows:

- 18 USC 1703,  Delay & Destroy U.S. Mail,  on 3/28/13 (Count 1);
- 18 USC 1708, Theft of U.S. Mail, on 2/20/14 (Count 2), 3/26/14 (Count 3);  and
- 18 USC 1708 , Poss. Stolen U.S. Mail, on 4/8/14 (Count 4)

5.     Prior to January 2013, Howard instructed postal employees at the San Jose Processing and Distribution Center in San Jose, CA (the PDC) to notify him directly whenever cash, drugs, and other valuables (including electronics, jewelry, rare coins, precious metals, and other collectable memorabilia) are found loose in the mail (e.g. separated from packaging during processing) at the PDC.  Howard's instruction was contrary to PDC policy and procedure for processing and handling mail.  These policies include safeguarding mail (and contents) against removal from the mail stream.  For such direct notification, Howard provided his office and cellular telephone numbers to the employees.

6.     Prior to January 2013, pursuant to instruction from Howard, postal employee J.R. (mail handler in charge of loose mail matter at the PDC) routinely notified Howard to inform him (Howard) that cash, drugs, and other valuables (including electronics, jewelry, rare coins, precious metals, and other

collectable memorabilia) were found loose in the mail (e.g. separated from packaging during processing) at the PDC. J.R. securely stored the loose mail matter at a designated location (rewrap area) in the PDC. Howard routinely responded to J.R. at the PDC rewrap area shortly after each notification. On each occasion, Howard took the loose mail matter from J.R.'s custody to an unknown location. Howard occasionally surprised J.R. by showing up at the rewrap area, without notification by J.R., to take mail matter.

7.     On one occasion prior to January 2013, Howard arrived at the rewrap area at the PDC and examined loose mail matter. Howard noticed J.R. processing mail matter (2 silver bars) that was found loose in the mail. Howard told J.R. to give him (Howard) the mail matter (2 silver bars). J.R. explained to Howard that he (J.R.) had not yet identified the sender or the intended recipient of the mail matter (silver bars). Howard told J.R. that he would attempt to locate the owner of the mail matter (silver bars). Howard took custody of the mail matter (silver bars) from the mail stream to an unknown location. At a later date (also prior to January 2013), Howard told J.R. he located the owner of the mail matter (silver bars) and as proof showed J.R. a digital image on his (Howard's) USPIS cell phone depicting a smiling man holding the mail matter (silver bars) in each hand. Law enforcement later observed in Howard's USPIS email account an email with an attached image file depicting a man holding two silver bars. When law enforcement showed J.R. this image, J.R. verified that it (the image depicting the man holding the silver bars) was in fact the image that Howard had previously shown to him. J.R. further confirmed that the depicted silver bars appeared to be the mail matter that Howard had previously taken from the rewrap area. Howard's USPIS email account indicates Howard sent the image depicting the man holding the silver bars over the internet.

8.     On about 1/16/13, pursuant to Howard's instruction, J.R. notified Howard that a mail parcel containing cash currency (over $5,000) was found loose in the mail. Before Howard responded to J.R. at the PDC, a manager (D.S.) at the PDC took secure possession of the mail matter (cash). On 1/17/2013, when Howard arrived at the rewrap area, J.R. informed him (Howard) that D.S. possessed the mail matter (cash). Howard confronted D.S. (who knew Howard to be a postal inspector) and demanded D.S. turn over the mail matter (cash). D.S. refused to allow Howard to remove the mail matter (cash) from the mail stream. According to PDC policy and postal regulation, the mail matter (cash) was deposited via the San Jose Post Office's retail window located within the PDC.

9.     Count 1. On about 3/20/13, pursuant to Howard's instruction, J.R. notified Howard that a mail parcel containing precious metal (silver bar) was found loose in the mail. Before Howard responded to J.R. at the PDC, D.S. took a picture of the mail matter (silver bar) and thereafter J.R. maintained possession of it. On about 3/28/13, Howard arrived at the rewrap area and took possession of the mail matter (silver bar) and other mail matter (including a copper bar) and removed such from the mail stream. Law enforcement later observed (on 4/4/2013) at least one of the items of mail matter (copper bar), taken by Howard on about 3/28/2013, had been hidden in a wall cabinet in a PDC room (Room A62) exclusively used by USPIS and infrequently by USPS OIG law enforcement. Law enforcement took a picture of the mail matter (copper bar) and J.R. later verified that it (the picture of the copper bar) depicted the mail matter (copper bar) that Howard had previously taken from the rewrap area. Howard, a postal service employee, unlawfully used his authority as a Supervisory Postal Inspector to take possession of US Mail, and thereafter unlawfully delay, detain, and secrete the US Mail (silver and copper bars) and prevent processing as was intended for conveyance by mail or forwarding through or delivery from any post office or station in violation of 18 USC 1703(a).

10.     Also, on 4/4/2013, law enforcement discovered additional US Mail that had been unlawfully removed from processing, which mail matter had been  delayed, detained, and secreted in Room A62. Specifically, over 200 items of US Mail matter (generally each item addressed to different postal customer victims) was located.  The stolen mail matter included pill vials, packages, flats, and letters. Law enforcement observed and took pictures of 4 medium-sized packages (all 4 packages were unopened and labeled as shipped from Vietnam and addressed to a San Jose postal customer).  Based on information provided by PDC personnel, the copper bar that Howard had removed 7 days prior, the fact that Howard was the primary USPIS user of Room A62, law enforcement's recovery of indicia in Room A62 bearing Howard's name (including indicia indicating items belonged to Howard), and, as set forth below, that Howard was later captured on surveillance images using Room A62 (including to rifle US Mail), law enforcement determined that Howard had delayed, detained, and secreted the US Mail, including in hampers and cabinets, in Room A62.  Your affiant is aware that no case or investigation was opened by Howard, and / or the Postal Inspectors he supervised, related to any of the mail matter Howard stole from the mail stream and hid in Room A62.  Law enforcement subsequently (on 8/1/2013) took additional pictures of the stolen mail matter located in Room A62.  The pictures indicate 2 of the 4 packages had been opened and all 4 packages were now concealed in a white bag in the hamper.  Among the items of stolen mail in Room A62, Howard possessed over 130 prescription pill vials.  Some of the vials contained tablets.  From at least 4/4/2013 and continuing to 8/1/2013, Howard also possessed a Physicians' Desk Reference (commonly used to ascertain drug manufacturer prescribing information on prescription drugs) in Room A62.  Based on my participation in this investigation, my conversations with other law enforcement personnel with whom I have discussed this case, and based on my training and experience and common sense, I know that persons engaged in the illicit sale of stolen prescription drugs commonly identify the drug effect (e.g. stimulant or depressant), when removing the tablets, and repackaging them for distribution.

11.     Generally, there are 4 ways in which mail matter can be held in the mail stream for special handling: rewrap (previously described as the PDC area to process loose mail matter), NIXIE (an area physically near rewrap designated for torn and damaged letters and flats), DOA (an area used by Dept of Agriculture for investigation of mail matter), and Express Mail (an area where postal inspectors may remove suspect packages for purposes of opening a case / investigation).  Since before January 2013 (and continuing to date), law enforcement has determined that Howard has removed mail matter (without authority and without documenting such removal under USPIS policy and procedure) and thereby stolen it from rewrap, NIXIE, and Express Mail, including by taking such to Room A62 and or entirely from the PDC facility to an unknown location.

12.     On about 4/17/2013, Howard again took mail matter (USPS tray containing numerous prescription pill vials) from the mail stream.  Specifically, D.S. observed Howard stealing this mail matter from the direction of the rewrap and NIXIE area.  Howard was observed taking this mail matter to an unknown location (in the direction of Room A62 and or out the exit from the PDC facility).  Later in 2013 or early 2014, D.S. observed Howard carrying different mail matter (bag of prescription pill vials containing tablets) outside the PDC (heading in the direction of the parking area), which mail matter D.S. had previously seen being processed at the PDC rewrap area.

13.     On about 4/19/2013, J.R. observed that Howard again took mail matter (including 2 buck style knives) previously found loose in the mail and stored at the rewrap area.  On about 4/24/2013, J.R.

observed that Howard again took mail matter (including 1 prescription pill vial) previously found loose in the mail and stored at the rewrap area. On about 4/30/2013, J.R. observed that Howard again took mail matter (including prescription pill vials, jewelry, and gun parts) previously found loose in the mail and stored at the rewrap area. On about 5/9/2013, J.R. observed that Howard again took mail matter (including a bayonet) previously found loose in the mail and stored at the rewrap area. On about 5/14/2013, J.R. observed that Howard again took mail matter (including a passport) previously found loose in the mail and stored at the rewrap area. On 5/14/13, law enforcement has good quality surveillance images of Howard at the rewrap area and leaving the area with the mail matter.

14.     On 5/30/2013, law enforcement set up hidden surveillance cameras to create an agency record of activities in Room A62. On 5/31/2013, at approximately 7:00 am, Howard arrived alone at Room A62. Immediately upon entering Room A62, Howard began examining Room A62 for surveillance cameras and intrusion by others. Howard's examination was thorough and lasted over 20 minutes. The examination involved exiting and re-entering the room and turning lights off and on repeatedly. Howard used a flashlight to assist in his examination, including to scan surfaces of desks and walls. Based on my participation in this investigation, my conversations with other law enforcement personnel with whom I have discussed this case, and based on my training and experience and common sense, I am aware that Howard was engaged in counter-surveillance activity. After conducting the counter-surveillance activity, Howard left Room A62 and entered the PDC (mail processing area).

15.     On 5/31/2013, at approximately 8:45 am, Howard returned to Room A62 carrying Express Mail flats and other apparent mail items. Howard is captured on surveillance video opening, without authority, mail matter. Your affiant is aware that no case or investigation was opened by Howard, and / or the Postal Inspectors he supervised, related to any of the mail matter Howard took from the mail stream and opened on 5/31/2013. Howard is depicted removing contents from mail matter, hiding contents in another container, and resealing the original mail matter. Prior to resealing, Howard is depicted inserting a letter into the mail matter (Express Mail flat). Based on my participation in this investigation, my conversations with other law enforcement personnel with whom I have discussed this case, and based on my training and experience and common sense, I am aware that persons engaged in stealing the contents of mail matter -- to conceal their theft -- place a standard USPS letter notifying the postal customer that the package was received in its current condition and, if any loss was suffered, instructions are provided on the notification for redress by the postal customer. Thereafter, Howard apparently returned the resealed (contents removed) mail matter to the mail stream (processing area) and then, after returning to Room A62, left the PDC with the container of hidden/concealed contents of mail matter.

16.     On 6/7/2013, at approximately 9:41 am, Howard arrived at the rewrap area riding a postal service tricycle. Howard instructed J.R. to provide him (Howard) loose mail matter. J.R., pursuant to Howard's instruction, provided him (Howard) passports that had been located loose in the mail. Howard removed the mail matter (passports) from the mail stream. Howard is depicted in good quality surveillance images taking the mail matter (passports) and leaving on the tricycle.

17.     On 6/7/2013, at approximately 9:54 am, Howard arrived alone at Room A62. Immediately upon entering Room A62, Howard again began examining Room A62 for surveillance cameras and intrusion by others. Howard's counter-surveillance examination was thorough and lasted approximately 6 minutes. The examination involved comparing the state of Room A62 to prior digital images on a cellphone Howard had apparently taken on a prior occasion. After conducting the counter-surveillance activity, Howard left the PDC via Room A62.

18.    On 6/8/2013, at approximately 7:01 am, Howard arrived alone at Room A62.  Immediately upon entering Room A62, Howard again began examining Room A62 for surveillance cameras and intrusion by others.  Howard's examination was thorough and lasted over 15 minutes.  Howard used a flashlight to assist in his examination.  During Howard's counter-surveillance examination, Howard climbed onto a desk and also climbed onto a chair to closely examine the ceiling (including ceiling panels near the camera lens).  Howard is depicted intentionally rendering the surveillance camera lens inoperable and thereby preventing, altering, and destroying law enforcement's agency record of activities in Room A62.

19.    On about 7/3/2013, pursuant to Howard's instruction, J.R. notified Howard that a mail parcel containing suspected illicit drugs (marijuana) was found loose in the mail.  On 7/3/2013, Howard arrived at the rewrap area and took possession of the mail matter (marijuana) and other mail matter (including passports and collectable 1980s era Playboy magazines).  Howard left at the rewrap area a civil war era pocket watch.  Howard is depicted in good quality surveillance images taking the mail matter.

20.    On 8/6/2013, Howard instructed J.R. to collect specific mail matter (loose prescription pill vials containing prescription pill tablets) in the PDC and hold the pill vials for Howard to pick up.  Prior to 8/6/2013, Howard himself had collected such mail matter.  J.R., pursuant to Howard's instruction, thereafter collected loose prescription pill vials containing prescription tablets and stored the mail matter for Howard in a large bag at the rewrap area.  On 8/22/2013, Howard arrived at the rewrap area and took possession of mail matter including the prescription vials, 2 boxed folding buck knives, and 5 boxed pocket watches (including the civil war era pocket watch).  Howard is depicted in good quality surveillance images taking the mail matter.

21.    On 9/10/2013, law enforcement took pictures of mail matter being processed by J.R. at the rewrap area, including prescription pill vials containing prescription tablets, greeting cards, cash, jewelry, passports, gun parts, knife, and electronics (ATT SIM cards).  On 10/2/2013, Howard and another USPIS Inspector arrived at the rewrap area and took possession of the mail matter.  Howard and his associate are depicted in good quality surveillance images taking the mail matter.

22.    On 10/29/2013, law enforcement took pictures of mail matter being processed by J.R. at the rewrap area, including prescription pill vials containing prescription tablets, coin (collectable / rare: 1926 U.S. $10 gold coin encased in clear plastic with a label indicating grade MS62 and serial number 2589706-005), Australian $1 silver coin, roll of 50 1900 era U.S. pennies), and jewelry.  On 10/29/2013, Howard arrived at the rewrap area and took possession of the mail matter (including the items photographed by law enforcement).  Howard is depicted in good quality surveillance images taking the mail matter.

23.    On 11/12/2013, law enforcement took pictures of mail matter being processed by J.R. at the rewrap area, including approx 50 ounces of silver bullion (3 bars (stamped "NTR Metals ASSAYERS & REFINERS" and "FINE SILVER .999 10 OUNCES TROY" with reverse stamped NTR Metals) encased in plastic wrap and 20 1 ounce coins (each stamped "OPM METALS MADE IN THE USA" with reverse "ONE TROY OUNCE .999 FINE SILVER" and  "OPM METALS") encased in a plastic cylinder.  On 12/11/2013, law enforcement took pictures of mail matter being processed by J.R. at the rewrap area, including prescription pill vials containing prescription tablets, cash, jewelry, passports, gift cards, gun parts, knife, and coin (collectable / rare: 2004 uncirculated U.S. Mint coin set and 10 1970 era U.S. silver dollars).  On 12/12/2013, Howard arrived at the rewrap area and took possession of the mail

matter. Howard is depicted in good quality surveillance images taking the mail matter (but leaving the prescription pill vials containing prescription tablets).

24.     On 1/6/2014, Howard arrived at the rewrap area. Howard instructed J.R. to provide him (Howard) loose mail matter. J.R., pursuant to Howard's instruction, provided him with items that had been located loose in the mail. Howard also took from J.R. the prescription pill vials containing prescription tablets. Howard removed the mail matter from the mail stream. Howard is depicted in good quality surveillance images taking the mail matter.

25.     On 1/28/2014, J.R. observed that Howard again took mail matter (including pill vials containing prescription tablets) previously found loose in the mail and stored at the rewrap area. Howard is depicted in good quality surveillance images taking the mail matter.

26.     On 1/31/2014, law enforcement took pictures of mail matter being processed by J.R. at the rewrap area, including prescription pill vials containing prescription tablets, jewelry, and coin (collectable / rare: 1976 U.S. $1 coin encased in clear plastic with a label indicating grade MS65 and serial number 3080448-039). On 1/31/2014, Howard arrived at the rewrap area and took possession of the mail matter (including the items photographed by law enforcement on 1/31/14). Howard is depicted in good quality surveillance images taking the mail matter. Law enforcement later determined that the coin (1976 U.S. $1 coin encased in clear plastic with a label indicating grade MS65 and serial number 3080448-039) was mailed to a postal customer who reported receiving an empty padded envelope.

27.     Count 2. On 2/11/14, law enforcement took pictures of mail matter being processed by J.R. at the rewrap area, including the following:

1) prescription pill vials containing prescription tablets,
2) greeting cards containing gift cards,
3) passports (victims Lanh D., Elizabeth V.),
4) knives,
5) cash,
6) tan with gold zipper "torybirch.com" wallet,
7) FDIC employee badge in wallet (victim Allison J.),
8) collectable trading cards (NFL #218 Nick Foles signed and encased, MELOMELODY THE BRASS DJINN (first edition "[THE FIEND/XYZ/EFFECT]") encased, and MUZURHYTHM THE STRING DJINN (first edition "[THE FIEND/XYZ/EFFECT]" encased), and
9) coin (collectable / rare: roll of 1950 era U.S. pennies wrapped in red and white paper labeled "M.N.R. STRING & SON, INC. HARRISBURG, PA U.S.A.", and 80 loose "JOHN F. KENNEDY HALF DOLLAR" coins with torn wrappers and 1 roll of 20 "JOHN F. KENNEDY HALF DOLLAR" coins in wrapper).

The "JOHN F. KENNEDY HALF DOLLAR" coin wrappers are further described as white with blue lettering and stripes. Among other things, the blue lettering states in italics "Official Gallery Roll" and in plain type "JOHN F. KENNEDY HALF DOLLAR 20". The wrapper has a blue image of the front and back of the half dollar. A white cloth draw string bag with, in blue lettering, United States Commemorative Gallery is indicated with logo. On 2/20/14, Howard arrived at the rewrap area and stole mail matter (including the items photographed by law enforcement on 2/11/14 (described above)). Howard is depicted in good quality surveillance images stealing, taking, and abstracting from the US Post Office the mail matter in violation of 18 USC 1708.

28.     Count 3.  On 3/6/14, law enforcement took pictures of mail matter being processed by J.R. at the rewrap area, including the following:

1) prescription pill vials containing prescription tablets,
2) passports (victims Maria T., Cesar G., Julio M.),
3) knives (silver folding knife with labeled blade indicating "POLICE" with spider logo, and black folding knife with blue accent and labeled blade indicating Speedster Model "TAC-FORCE"),
4) cash,
5) gun parts (silver barrel stamped "MOLON LABE" and "MADE IN THE USA STAINLESS"),
6) Cannon camera Model #PC1742, Serial #502032038771,
7) stamps;
8) coin (collectable / rare: 2 roll of 1940 era U.S. pennies (wheat) wrapped in red and white paper labeled "M.N.R. STRING & SON, INC. HARRISBURG, PA U.S.A.", 73 loose buffalo Indian head nickels, and a 1 ounce fine silver $1 American Silver Eagle coin encased and boxed), and
9) jewelry (white box containing paua shell 22 CT earrings, brown texture woven box containing a gold 3 double strand braided ring, black box with silver NUNU logo containing apparent fresh water pearl bracelet and hook 3 pendant earrings (each with 2 apparent precious stones and apparent gold medallion), and a black Joan Rivers Classics Collection box containing a black cloth bag containing a large linked chain necklace with multicolored circular pendant).

The brown texture woven box is further described as a 2 piece box (lid and body) with white interior. The black Joan Rivers Classics Collection box is further described as a 2 piece box (lid and body) bearing gold lettering (indicating "Joan Rivers Classics Collection").  During processing at the rewrap area, J.R. taped a date stamp (indicating FEB 28 2014) label on the lid of the black Joan Rivers Classics Collection box.  The box, in addition to the black cloth bag and pendant, contained an approx 3" x 2.5" note (purportedly signed by Joan Rivers) expressing her thrill at sharing an item from her classics collection.  On about 3/26/14, Howard arrived at the rewrap area and stole mail matter (including the items photographed by law enforcement on 3/6/14 (described above)).  Howard is depicted in good quality surveillance images stealing, taking, and abstracting from the US Post Office the mail matter in violation of 18 USC 1708.

29.     Count 4.  On 4/8/14, law enforcement recovered stolen U.S. Mail matter from Howard's residential trash.  Specifically, law enforcement determined that Howard possessed rifled stolen U.S. Mail in his residential trash including the previously photographed unique "JOHN F. KENNEDY HALF DOLLAR" coin wrappers that Howard stole with their contents on 2/20/14 (described above (with blue lettering stating in italics "Official Gallery Roll" and in plain type "JOHN F. KENNEDY HALF DOLLAR 20")).  Each recovered wrapper had the blue image of the front and back of the half dollar. The contents (100 pieces of silver) were not recovered.  Also, on 4/8/14, from Howard's trash law enforcement recovered additional rifled stolen U.S. Mail matter.  Specifically, law enforcement recovered the previously photographed unique brown texture woven box with white interior.  The woven box had been rifled and its contents, a gold 3 double strand braided ring, were not recovered. Howard also possessed the stolen black Joan Rivers Classics Collection box bearing gold lettering (indicating "Joan Rivers Classics Collection"), Joan Rivers' note, and the taped date stamp (indicating FEB 28 2014) label J.R. placed on the lid.  The black box had been rifled and its contents, a large linked chain necklace with multi-colored circular pendant, were not recovered.  As set forth herein, on 4/8/14, Howard did knowingly possess U.S. mail, as described, which had been stolen, taken, and abstracted from an authorized U.S. Mail receptacle, knowing the same to have been stolen, taken and abstracted, in violation of Title 18, United States Code, Section 1708.

30.     Thereafter, from 3/26/14, law enforcement has obtained numerous surveillance images of Howard stealing US Mail matter, including cash, drugs, electronics, passports, jewelry, rare coins, precious metals, and other collectable memorabilia from the San Jose PDC.

31.     After review of USPIS and USPS records, your affiant is aware that no case or investigation was opened by Howard, and / or the Postal Inspectors he supervised, related to any of the mail matter Howard took from the rewrap area or the San Jose PDC.  Under USPS policy and procedures, absent exigent circumstances and or a court order, Howard is prohibited from opening US Mail.  Further, USPIS personnel, including Howard, may take US Mail for investigative purposes but are prohibited from unlawfully delaying, detaining, and secreting mail matter from processing, and from converting US Mail (and contents) to personal use.

32.     I am aware that premature disclosure of the contents of this complaint and associated arrest warrant may have a significant and negative impact on the continuing investigation and may severely jeopardize the search warrant's effectiveness.  Also, premature disclosure may pose a risk to executing law enforcement.  It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers in support of this application, including the application and search warrant.

33.     For the reasons set forth herein, there is probable cause to belief that Supervisory Postal Inspector QUAN PHAM HOWARD (D.O.B. 11/14/61), committed, and aided and abetted, numerous violations of criminal law, including as follows:

- 18 USC 1703,  Delay & Destroy U.S. Mail,  on 3/28/13 (Count 1);
- 18 USC 1708, Theft of U.S. Mail, on 2/20/14 (Count 2), 3/26/14 (Count 3);  and
- 18 USC 1708 , Poss. Stolen U.S. Mail, on 4/8/14 (Count 4)

Accordingly, your affiant respectfully requests that the attached complaint and arrest warrant be issued.

CHRISTINE A. HODAKIEVIC
OIG SPECIAL AGENT
United States Postal Service

Subscribed and sworn to before me
This 23 day of June 2014.

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

Approved:

Eric Holder, US Attorney General
Benjamin Wagner, U.S. Attorney
by Michelle Rodriguez     6/23/2014
   NDCA Special Attorney
   to the U.S. Attorney General

///